In the Matter of the Application of MARY DROZDA, Respondent, for Removal of the Body of JOHN DROZDA, Deceased. ST. MICHAEL'S GREEK CATHOLIC CONGREGATION, Appellant.

Third Department, June 30, 1943.

*Chernin & Gold (James B. Gitlitz* of counsel), for appellant.

*McManus & Buckley (Peter J. McManus* of counsel), for respondent.

Bliss, J.   St. Michael's Greek Catholic Congregation was organized on August 2, 1904, under the Membership Corporations Law.   (See *Drozda* v. *Bassos,* 260 App. Div. 408, leave to appeal denied, 285 N. Y. 856.)   It is a membership corporation and not a religious corporation.   (Religious Corporations Law, § 2.)   Petitioner is the owner of a lot in a cemetery owned by this corporation.   On April 6, 1932, John Drozda, the husband of petitioner, died and his remains were buried in this cemetery.   Both petitioner and her husband were members of the Greek Catholic Uniate Church under Rome. In 1939 appellant was judicially declared to be an independent

church organized under the Membership Corporations Law and not a church united with Rome. (*Drozda* v. *Bassos, supra.*) After the termination of this litigation, petitioner sought consent of appellant to remove the body of her husband to another cemetery consecrated in accordance with the religious beliefs of decedent and petitioner, which cemetery is under the jurisdiction of the Greek Catholic Church united with Rome. This consent was refused and petitioner then brought this proceeding under section 89 of the Membership Corporations Law. The court below directed the removal of the body. Section 89 of the Membership Corporations Law applies to a body interred in a lot in a cemetery owned or operated by a corporation incorporated by or under a general or special law and confers jurisdiction upon the County Court of the county or the Supreme Court in the district where the cemetery is situated, to order the removal in a proper case where the consent of the corporation cannot be obtained. The principal claim of the appellant here is that the County Court had no jurisdiction of this proceeding because section 71 of the Membership Corporations Law provides that article 9 thereof, which includes section 89, does not apply to a cemetery belonging to a religious or a municipal corporation.

In our opinion this restriction in the application of article 9 does not include the appellant which is a membership and not a religious corporation. Article 9 is found in the Membership Corporations Law and applies to membership corporations. While some of the objects for which appellant was incorporated are of a religious nature, it is not a religious corporation under the Religious Corporations Law of this State and is not a corporation created for religious purposes within the definition of section 2 of the Religious Corporations Law or within the meaning of section 71 of the Membership Corporations Law. Consequently the County Court had jurisdiction to grant the order of removal.

Upon the facts themselves we can see no valid objection to the granting of the order. Petitioner should have the privilege of having her husband interred in ground which to her is consecrated and where she herself can be buried beside her husband. She should be allowed this consolation and mental comfort.

We are told that this is a test case and if this disinterment and removal are allowed, then many similar applications will follow. Be that as it may, it is no reason for denying the present application. Each such application will have to be

decided upon its own merits. We see nothing in such situation to justify a reversal of the order here.

The order should be affirmed, with twenty-five dollars costs and disbursements.

All concur.

Order affirmed, with twenty-five dollars costs and disbursements.